# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW D. JOHNSON, | No. 2:13-CV-0705-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SALINAS VALLEY STATE PRISON, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court are: (1) plaintiff's complaint (Doc. 1); (2) plaintiff's motions for injunctive relief (Docs. 4, 5, 8, and 16); and (3) plaintiff's motions for appointment of counsel (Docs. 9 and 16).

Addressing the complaint first, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28

1  U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that
2  complaints contain a ". . . short and plain statement of the claim showing that the pleader is
3  entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,
4  concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to
5  Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice
6  of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,
7  1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity
8  overt acts by specific defendants which support the claims, vague and conclusory allegations fail
9  to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening
10 required by law when the allegations are vague and conclusory.

11         In this case, plaintiff names as the only defendant Salinas Valley State Prison and
12 alleges that unnamed prison officials are torturing him.  The complaint suffers from at least two
13 defects.  First, the only named defendant – Salinas Valley State Prison – is immune from suit.
14 The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both
15 by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley
16 Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states
17 themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248
18 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's
19 agency responsible for incarceration and correction of prisoners is a state agency for purposes of
20 the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v.
21 Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

22         Second, plaintiff does not allege any factual connection between the wrongful
23 conduct alleged in the complaint any named individual.  To state a claim under 42 U.S.C. § 1983,
24 the plaintiff must allege an actual connection or link between the actions of the named defendants
25 and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo
26 v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a

constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

The court turns next to plaintiff's motions for injunctive relief. Plaintiff's motions seeks injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The requests must, therefore, be denied.

Finally, the court addresses plaintiff's motions for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. First, plaintiff is sufficiently able to articulate the general basis of his complaint – that he is being tortured by prison officials. Second, the legal issue involved – whether plaintiff's Eighth Amendment rights were violated – is not particularly complex. Finally, at this stage in the proceedings, the court cannot say that plaintiff has a particularly strong likelihood of success on the merits given that plaintiff has not yet alleged sufficient facts to establish a causal nexus

between the alleged torture and any individual defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order;

3. Plaintiff's motions for injunctive relief (Docs. 4, 5, 8, and 16) are denied; and

4. Plaintiff's motions for appointment of counsel (Docs. 9 and 16) are denied.

DATED: February 10, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE